**United States District Court**
For the Northern District of California

1

2

3

4

5        UNITED STATES DISTRICT COURT

6       NORTHERN DISTRICT OF CALIFORNIA

7

8   IVORY J. VALENTINE,                           No. C 09-4586 MHP (pr)

9            Petitioner,                          **ORDER OF DISMISSAL WITH
                                                  LEAVE TO AMEND**
10        v.

11  Warden CURRY,

12           Respondent.
                                            /
13

14

15        Ivory J. Valentine, an inmate at the Correctional Training Facility in Soledad, filed

16  this pro se action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is

17  now before the court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules

18  Governing Section 2254 Cases. His in forma pauperis application also is before the court for

19  review.

20        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

21  custody pursuant to the judgment of a State court only on the ground that he is in custody in

22  violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

23  A district court considering an application for a writ of habeas corpus shall "award the writ or

24  issue an order directing the respondent to show cause why the writ should not be granted,

25  unless it appears from the application that the applicant or person detained is not entitled

26  thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in

27  the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See

28  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

1    The court simply does not understand what claims petitioner is attempting to assert or

2  what decision he is challenging.  The petition is an 84-page document that is a blend of some

3  original writing interwoven with court orders and other documents (such as numerous proofs

4  of service, a radiologist's report and a program status report), and has attached to it 182 pages

5  of exhibits.  The odd assembly of the petition, coupled with bloviated writing, leaves the

6  reader unsure what exactly the petitioner is complaining about, as well as what he wants the

7  court to do.  Leave to amend will be granted so that petitioner may file an amended petition

8  that presents a coherent statement of his claim(s) consistent with the following directions:

9    First, the amended petition, including any legal argument, may not exceed 25 pages in

10  length.

11    Second, the amended petition must identify the prison administrative or disciplinary

12  decision being challenged.  Petitioner should identify the date of the decision, the result of

13  the decision, and how it affected the fact or duration of his confinement.  If petitioner wants

14  to challenge more than one decision, he must choose one decision to be the subject of his

15  amended petition in this action, and file separate new petitions for every other decision he

16  wants to challenge.  Those new petitions should not have the case number for this case on

17  them, as each will be assigned a separate case number.

18    Third, petitioner may assert claims about a prison administrative or disciplinary

19  decision, but may not assert as a claim for relief a claim that the state court erred in

20  reviewing one of his habeas petitions. Errors in the state post-conviction review process are

21  not addressable through federal habeas corpus proceedings.  See Ortiz v. Stewart, 149 F.3d

22  923, 939 (9th Cir. 1998); Gerlaugh v. Stewart, 129 F.3d 1027, 1045 (9th Cir. 1997);

23  Villafuerte v. Stewart, 111 F.3d 616, 632 n.7 (9th Cir. 1997); Franzen v. Brinkman, 877 F.2d

24  26, 26 (9th Cir.), cert. denied, 493 U.S. 1012 (1989).  Challenges to such errors do not

25  generally represent an attack on the prisoner's detention and therefore are not proper grounds

26  for habeas relief.  See id.  They instead generally pertain to the review process.  See, e.g., 28

27  U.S.C. § 2254(I) (claims of ineffective assistance of state or federal post-conviction counsel

28

2

1  not cognizable on federal habeas review); <u>Hopkinson v. Shillinger</u>, 866 F.2d 1185, 1218-20

2  (10th Cir. 1989) (state court's summary denial of petition for post-conviction relief is

3  procedural deficiency in review process that does no violence to federal constitutional

4  rights); <u>Millard v. Lynaugh</u>, 810 F.2d 1403, 1410 (5th Cir. 1987) (denial of hearing on state

5  collateral proceedings not addressable in federal habeas).

6       Fourth, if petitioner wants to allege a due process violation, he must clearly identify

7  each procedural protection of which he was deprived.  Petitioner is cautioned that federal

8  habeas relief is available only if one of the procedural protections required by the federal

9  constitution is violated and not for violations of state regulations and prison rules.  The Due

10  Process Clause does not require that a prison comply with its own, more generous procedures

11  than those required by the federal constitution.  <u>See</u> <u>Walker v. Sumner</u>, 14 F.3d 1415, 1419-

12  20  (9th Cir. 1994).

13       For the foregoing reasons, the petition is dismissed with leave to file an amended

14  petition no later than **May 7, 2010**.  The amended petition should have this case caption and

15  case number on the first page and should be clearly marked "Amended Petition."  Petitioner's

16  <u>in forma pauperis</u> application is DENIED because he has sufficient funds to pay the filing

17  fee.  Petitioner must pay the $5.00 filing fee no later than **May 7, 2010**.  Failure to file the

18  amended petition or pay the filing fee by the deadline will result in the dismissal of this

19  action.

20       IT IS SO ORDERED.

21  DATED:   April 2, 2010

22                                    Marilyn Hall Patel
                                      United States District Judge

23

24

25

26

27

28